IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| GUSTAVO ROMAN, § | |
|    Plaintiff, § | |
| § | |
| v. § | EP-21-CV-00091-FM-ATB |
| § | |
| HONORABLE JUDGE DIANE § | |
| NAVARRETE, HONORABLE JUDGE § | |
| PATRICK GARCIA, RICHARD § | |
| SAMANIEGO, COUNTY JUDGE; FNU § | |
| ROSALES, DISTRICT ATTORNEY; and § | |
| DANIEL AVELAR, § | |
|    Defendants. § | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. On April 16, 2021, Plaintiff Gustavo Roman ("Roman"), proceeding *pro se*, filed an application to proceed *in forma pauperis* and a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 20, 2021, this Court ordered Roman to provide a "certified prisoner trust fund account statement or institutional equivalent for the six months immediately preceding the filing of this action by May 20, 2021," pursuant to 28 U.S.C. 1915(a)(2). (ECF No. 2, p. 2). Roman responded to the Court's Order on May 5, 2021, stating he "attempted to get a 6 month[] Trust Fund from [his] institution," but was denied access on the basis that he must first obtain "power of attorney to appoint someone to handle your personal business." (ECF No. 5, p. 1). Subsequently, Roman's filing fee was received, and his Complaint was thereafter filed. (ECF Nos. 6, 7). The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.[1]

---

[1] On May 12, 2021, Roman filed correspondence with the Court. (ECF No. 8). Roman appears to "ask" the Court to "review" two of his criminal cases. (ECF No. 8, p. 1). Roman fails to reference his Complaint or assert any new claims or defendants. Roman's correspondence appears to request a petition for writ of habeas corpus similar to an action already filed in the Western District of Texas, El Paso Division. *See Roman v. State of Texas*, CA 3:21-CV-00094-FM (W.D. Tex. 2021). Accordingly, the Court finds that Roman's correspondence relates to his Petition for

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for being frivolous, for failure to state a claim, and for seeking monetary relief against defendants who are immune from such relief.

## I.    BACKGROUND[2]

Roman is a pretrial detainee in El Paso County, Texas, and is currently being held at the El Paso County Jail Annex ("EPCJA").  (ECF No. 7, p. 1).  In his Complaint, Roman seeks to bring numerous claims against several defendants based upon his criminal prosecution as well as his time in custody at the EPCJA.

Roman names three judges in his Complaint: (1) Criminal District Judge Diane Navarrete; (2) 384th District Judge Patrick Garcia; and (3) El Paso County Judge Richard Samaniego[3] (collectively "Judicial Defendants").  (ECF No. 7, p. 3).  Roman asserts claims of "Abuse of Authority[,] Deliberate Indifference [sic] to Medical Condition[,] Violation of Constitutional right of speech, Retaliation, [and] Violation Ex Post Facto Clause" against Judge Navarrete.  (*Id.*). Further, Roman asserts claims of "Abuse of authority[,] Ex Post Facto Clause Violation, Retaliation, [and] Abuse of Authority" against Judge Garcia.  (*Id.*).  Finally, Roman asserts claims

---

Writ of Habeas Corpus in EP-21-CV-94-FM, and therefore, the Court will not address Roman's correspondence in the immediate Report and Recommendation.

[2] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

[3] Roman names Richard Samaniego as the "Attorney General" found at "500 E. San Antonio El Paso TX 79901." (ECF No. 7, p. 3).  However, the Court takes judicial notice that Richard Samaniego is not the Attorney General but is the El Paso County Judge.  EL PASO COUNTY JUDGE, https://www.epcounty.com/judge/bio.htm (last visited May 20, 2021); *see* Fed. R. Evid. 201(b) (stating that a court may take judicial notice on its own at any state of the proceeding of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned"); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of the information published on the website of the National Mediation Board); *M.D. v. Abbot*, CA No. 2:11-CV-00084, 2020 WL 7485018, at *111 n.117 (S.D. Tex. Dec. 18, 2020) ("The Court takes notice of the information provided on Prairie Harbor's website); *Shirely v. FMC Technologies, Inc.*, No. A-20-CV-261-RP, 2020 WL 5995695, at *5 n.3 (W.D. Tex. Oct. 9, 2020) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the CPR Rules on CPR's website . . . .").

of "Deliberate Indifference [sic], Willful ignorance, [and] Neglect" against Judge Samaniego.  (*Id.*). However, in the factual allegations of his claim, Roman never identifies which judge was involved in his criminal case but rather refers only to an unnamed "Judge."  (*Id.* at p. 6-8).  Roman's only identification of any of the three Judges in his factual allegations is Roman's assertion that he received "threats from [his] attorney for contacting . . . Honorable Judge Diane Navarrete."  (*Id.* at p. 7).

Next, Roman asserts claims of "Willful Ignorance [and] Neglect" against Defendant D.A. Rosales.  (*Id.* at p. 3).  However, similar to his claims against Judicial Defendants, Roman never identifies Defendant Rosales in the factual allegations of his claim.

Roman also asserts a variety of claims against his defense attorney, Defendant Daniel Avelar ("Avelar").  These claims include allegations that Avelar "threat[ened Roman] for contacting Congresswoman Veronica Escobar and Honorable Judge Diane Navarrete," that Roman "was told by Mr. Avelar [he] would and had to remained encarcerated [sic] longer for [contacting Congresswoman Veronica Escobar and Judge Diane Navarrete]," and that "Mr. Avelar told [Roman] upon [his] surrender at court before [Roman's] 'alleged[]' violation occurred, to go home and lay low . . . before [Roman] entered the courtroom."  (*Id.* at p. 7).  Further, Roman asserts that he has "no communication with [his] attorney or courthouse for fear of more retaliation and more time being encarcerated [sic]."  (*Id.* at p. 8).

Finally, Roman asserts two claims relating to his confinement at the EPCJA: (1) "the jail has underqualified medical staff[,] medications are substituted for cheap not exactly generic[,] and there is no over[-]the[-]counter administration unless there is a sick call wich [sic] can take up to or over a month to see a doctor or nurse practitioner to prescribe over[-]the[-]counter Tylenol[,] Aspirin[,] etc."  (*Id.* at p. 13); and (2) that "an Electromagnetic Low Frequency or Electromagnetic

3

Pulse Device Voice to Skull [is] being used in all El Paso and inside the El Paso Jail Annex and Downtown El Paso County Jail to torture[,] humiliate and deprive inmates of privacy and sleep." (*Id.* at p. 14).

## II.   LEGAL STANDARDS

Title 28 U.S.C. § 1915 states, in relevant part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915 and 1915A "appl[y] even when a prisoner has paid the required filing fee." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) ("The plain language of [28 U.S.C. § 1915A] indicates that it applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[4]

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 199) (quoting *Harper*

---

[4] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (stating that service on defendants is not required before dismissing an action for failure to state a claim) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that 28 U.S.C. §1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal")).

*v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).  A claim is factually frivolous if "the facts are clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

To determine whether a court should dismiss a *pro se* prisoner complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 55) ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief."  *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted).  A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  The complaint "'does not need detailed factual allegations,' but must

5

provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III.   ANALYSIS

Roman's Complaint seeks to bring multiple claims against multiple defendants. "When a prisoner does file a multi-claim, multi-defendant suit, the district court should evaluate each claim for the purpose of § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, the Court will address each claim in turn.

### a.   **Claims Against Judicial Defendants**

#### 1.   *Failure to State a Claim*

In his Complaint, Roman alleges a variety of legal claims against the Judicial Defendants. (ECF No. 7, p. 3). However, Roman's only identification of any of the three Judges in his factual allegations is Roman's assertion that he received "threats from [his] attorney for contacting . . . Honorable Judge Diane Navarrete." (*Id.* at p. 7).

A complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.

2007) (quoting *Twombly*, 550 U.S. at 555). Although *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, even a *pro se* complaint may not merely set forth conclusory allegations but must set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

After reviewing the Complaint in the instant case, the Court finds that Roman only provides legal conclusions masked as factual allegations against the Judicial Defendants. *See* (ECF no. 7, p. 3). Further, Roman fails to plead how any of the Judicial Defendants were personally involved in his factual allegations. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant."). Therefore, the Court finds that Romain fails plead adequate factual allegations to support his claims. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 55) ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). Accordingly, the Court recommends that Roman's claims against the Judicial Defendants be dismissed for failure to state a claim.

### *2.     Immunity*

Assuming, *arguendo*, that Roman alleged sufficient facts against any of the Judicial Defendants, to the extent that Roman is alleging that the Judicial Defendants "abuse[d their] authority" or "retaliated" against him, the doctrine of absolute judicial immunity bars this action and requires the dismissal as to Defendants Judge Diane Navarrete, Judge Patrick Garcia, and Judge Richard Samaniego.

Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the

7

motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). The Fifth Circuit weighs four factors in determining whether an act is "judicial:" (1) whether the specific act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *See McAlestar v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). Even assuming all facts alleged by Roman as true, the actions by the unnamed "Judge" in this case were all related to Roman's previous criminal proceeding. Therefore, the Court finds that the unnamed "Judge's" actions meet each of the four factors the Fifth Circuit weighs in determining whether an act is "judicial" and that the Judicial Defendants are entitled to judicial immunity. Accordingly, the Court recommends that Roman's claims against Defendants Judge Diane Navarrete, Judge Patrick Garcia, and Judge Richard Samaniego be dismissed.

  **b.**  **Claims Against Defendant D.A. Rosales**

  *1.*  *Failure to State a Claim*

Roman asserts claims of "Willful Ignorance [and] Neglect" against Defendant D.A. Rosales. However, Roman never identifies Defendant Rosales in the factual allegations of his claim.

A complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Although *pro se* pleadings are reviewed under a less

stringent standard than those drafted by attorneys, even a *pro se* complaint may not merely set forth conclusory allegations but must set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

After reviewing the Complaint in the instant case, the Court finds that Roman only provides legal conclusions masked as factual allegations against Defendant D.A. Rosales. *See* (ECF no. 7, p. 3). Further, Roman fails to plead how Defendant D.A. Rosales was personally involved in his factual allegations. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant."). Therefore, the Court finds that Roman fails to plead adequate factual allegations to support his claims. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 55) ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). Accordingly, the Court recommends that Roman's claims against Defendant D.A. Rosales be dismissed for failure to state a claim.

### 2. *Immunity*

Assuming, *arguendo*, that Roman alleged sufficient facts that Defendant D.A. Rosales was "willfully ignorant" or "negligent" relating to his state criminal proceedings, the doctrine of prosecutorial immunity bars this action.

Prosecutors are immune from Section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtam*, 424 U.S. 409 (1976). Prosecutorial immunity "is not limited only to the act of initiating judicial proceedings itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of the prosecutor's role as an advocate of the State." *Singleton v. Cannizzaro*, 956 F.3d 773, 780 (5th Cir. 2020) (internal quotes

and punctuation omitted). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor's misconduct was "willful or malicious." *Id.* Roman does not articulate any acts by Defendant D.A. Rosales that fall outside the duties of investigating and pursuing a criminal prosecution. Therefore, the Court finds that Defendant D.A. Rosales is entitled to prosecutorial immunity. Accordingly, the Court recommends that Roman's claims against Defendant D.A. Rosales be dismissed.

      **c.**      **Claims against Defendant Daniel Avelar**

Roman asserts a variety of claims against Defendant Daniel Avelar, his defense attorney, including that Avelar "threat[ened Roman] for contacting Congresswoman Veronica Escobar and Honorable Judge Diane Navarrete," that Roman "was told by Mr. Avelar [he] would and had to remained encarcerated [sic] longer for [contacting Congresswoman Veronica Escobar and Judge Diane Navarrete]," and that "Mr. Avelar told [Roman] upon [his] surrender at court before [Roman's] 'alleged[]' violation occurred, to go home and lay low . . . before [Roman] entered the courtroom." (*Id.* at p. 7).

The Supreme Court has held that "[a] claim may be brought under § 1983 *only* if the defendant acted 'under color' of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 835 (1982) (emphasis added) (quoting 42 U.S.C. § 1983). When the defendants are private parties, "the question is whether [their] conduct has sufficiently received the imprimatur of the State so as to make it 'state' action." *Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982).

Here, the Court finds that Roman has not claimed that Avelar was anything other than a private actor. *See Chadman v. Quisenberry*, CA No. 4:17-CV-700Y, 2019 WL 3530422, at *6 (N.D. Tex. Aug. 2, 2019) ("Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or state, his actions are not chargeable to the state."); *see also*

*Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) ("[I]t posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the undivided interests of his client.  This is essentially a private function . . . .") (internal quotes omitted).  Roman's allegations against Avelar are best categorized as claims of ineffective assistance of counsel or legal malpractice.  However, neither ineffective assistance of counsel[5] nor legal malpractice claims[6] are cognizable § 1983 claims.  Therefore, the Court finds that Roman has not alleged a § 1983 claim against Avelar.  Accordingly, the Court recommends that Roman's claims against Defendant Avelar be dismissed.

### d.        Claims Relating to Roman's Confinement

In the section of Roman's Complaint titled "Suing Local Governments: The 'Policy' Requirements," Roman alleges that "[u]nder 42 U.S.C. 1983[, a plaintiff] can bring civil rights actions for damages against city and county governments (municipalities) if the constitutional violation resulted from a municipal policy of custom." (ECF No. 7, p. 13).  Further, Roman asserts that he "would like to apply this to [his] case in two ways or two officials, which would be The Jail Annex Warden and Mayor Oscar Leeser." [7]  (*Id.*).

---

[5] Although a claim of ineffective assistance of counsel is a constitutional claim, it must be brought on direct appeal of the underlying criminal conviction or within a petition for writ of habeas corpus.  *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("The principles governing ineffective [counsel] claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial . . . Since fundamental fairness is the central concern of the writ of habeas corpus . . . , no special standards ought to apply to ineffectiveness claims made in habeas proceedings.").  Therefore, a claim of ineffective assistance of counsel cannot form the basis of a § 1983 action.  *See Chadman v. Quisenberry*, CA No. 4:17-CV-700Y, 2019 WL 3530422, at *6 (N.D. Tex. Aug. 2, 2019) (dismissing ineffective assistance of counsel claims in a § 1983 action).

[6] Claims for legal malpractice are state law claims that, "[a]bsent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction." *Johnson v. Knox*, No. 3:07-CV-0170-N, 2007 WL 1975597, at *3 (N.D. Tex. 2007) (citing 28 U.S.C. § 1332(a)). Here, Roman identifies himself and Defendant Avelar as a Texas resident.  (ECF No. 7, p. 3).  Therefore, the Court finds that it lacks jurisdiction to consider Roman's claims against Avelar if construed as claims for legal malpractice.

[7] The Court notes that it is not clear from Roman's Complaint whether he is bringing the claims relating to his confinement against the Jail Annex Warden and Mayor Oscar Leeser, or against the municipalities they represent.  However, since neither of Roman's claims relating to his confinement state a valid claim under § 1983, the Court finds it unnecessary to determine the exact Defendants against which Roman attempts to bring these claims.

Roman brings two claims relating to his confinement at the EPCJA: (1) "the jail has underqualified medical staff[,] medications are substituted for cheap not exactly generic[,] and there is no over[-]the[-]counter administration unless there is a sick call wich [sic] can take up to or over a month to see a doctor or nurse practitioner to prescribe over[-]the[-]counter Tylenol[,] Aspirin[,] etc." (*Id.*); and (2) that "an Electromagnetic Low Frequency or Electromagnetic Pulse Device Voice to Skull [is] being used in all El Paso and inside the El Paso Jail Annex and Downtown El Paso County Jail to torture[,] humiliate and deprive inmates of privacy and sleep." (*Id.* at p. 14). The Court will address both of these claims in turn.[8]

### 1. Roman's Claims of Deliberate Indifference as to His Medical Care Fail to State a Claim

Roman asserts that "the jail has underqualified medical staff[,] medications are substituted for cheap not exactly generic[,] and there is no over[-]the[-]counter administration unless there is a sick call wich [sic] can take up to or over a month to see a doctor or nurse practitioner to prescribe over[-]the[-]counter Tylenol[,] Aspirin[,] etc." (ECF No. 7, p. 13). Further, Roman alleges that "[his] case took 7 months to have a medication substituted for a non narcotic non generic substitute for [his] medication." (*Id.*). Roman also asserts that "proof of this negligence and underqualified staff is the [d]eath of [his] Cell Mate Vicente Rodriguez[,] who died of Deliberate indifference [sic] and mere negligence in pain and suffering for over a month in his cell as we saw him and attended him as we could." (*Id.*).

---

[8] The Court notes that Roman also states that while being incarcerated, he has "been bit[ten] by spiders" and "picked up staph infections." (ECF No. 7, p. 8). However, in contrast to his other claims, Roman does not allege that being bitten by spiders or contracting staph infections were the result of improper medical care or actions taken by any of the Defendants. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant.").

While the rights of convicted prisoners are grounded in the Eighth Amendment, the rights of pretrial detainees, like Roman, are grounded in the Fourteenth Amendment.[9] *See Hare v. City of Corinth*, 74, F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Under the Fourteenth Amendment, a "pretrial detainee . . . ha[s] a clearly established . . . right not to be denied, by deliberate indifference, attention to his serious medical needs." *In re Estate of Pollard v. Hood Cty.*, 579 F. App'x 260, 265 (5th Cir. 2014) (per curiam) (citing *Flores v. Cty. Of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997)). Even so, "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

To prove deliberate indifference, a plaintiff must establish two elements: (1) that the plaintiff was deprived of a medical need that is "objectively, 'sufficiently serious;'" and (2) that the defendant had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). In other words, the prisoner must show that: "(1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm to occur." *Thompson v. Upshur Cty.*, 245 F.3d 447, 458-59 (5th Cir. 2001) (citation omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Ball v. LeBlanc*, 792 F.3d 584, 584 (5th Cir. 2015). Deliberate indifference can also be shown by providing that jail officials: (1) refused to

---

[9] "In the case of an episodic act or omission, as here, the courts use the same deliberate indifference standard whether the claim arises under the Eighth or Fourteenth Amendments." *Davalos v. Johns*, No. 3:11-CV-0222-P, 2013 WL 1820313, at *9 n.9 (N.D. Tex. Apr. 30, 2013) (citing *Hare*, 74 F.3d at 648-50). "Consequently, Eighth Amendment case law is just as authoritative in this area as cases decided under the Fourteenth Amendment." *Id.*

13

treat the detainee; (2) ignored his complaints; (3) intentionally treated him incorrectly; or (4) engaged in any similar conduct that would clearly show that they had a wanton disregard for the detainee's serious medical needs.  *Smith v. Kaufman Cty. Sheriff's Office*, No. 3:10-CV-703-L-BK, 2011 WL 7547621, at *17 (N.D. Tex. Dec. 14, 2011) (citing *Domino*, 239 F.3d at 756).

In the instant case, the Court finds that Roman has not alleged any facts that rise to the level of deliberate indifference by the EPCJA's medical staff.  Instead, Roman alleges that the EPCJA's medical staff is "negligen[t]" and "underqualified."  (ECF No. 7, p. 13).  However, "[m]ere negligence, neglect or medical malpractice does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (alteration in original) (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)); *see also Harris v. Donaldson*, 71 F.3d 876, 1995 WL 725438, at *2 (5th Cir. 1995) (holding that there was no deliberate indifference when a plaintiff's § 1983 medical care claim was merely a "quarrel with the quality and quantity of his medical treatment").

Roman also asserts that "there is no over[-]the[-]counter administration unless there is a sick call wich [sic] can take up to or over a month to see a doctor or nurse practitioner to prescribe over[-]the[-]counter Tylenol, Aspirin, etc."  (ECF No. 7, p. 13).  However, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Here, Roman fails to plead any substantial harm he suffered as a result of the "over a month" delay, and therefore, the Court finds that his claim regarding the delay to see a doctor or nurse is without merit.  *See Walker v. Travis*, CA NO: 094361, 2011 WL 13177498, at *4-5 (E.D. La. Jan. 18, 2011) (a 28-day delay before seeing a doctor did not give rise to a § 1983 claim where the plaintiff did not allege any substantial harm).

Further, Roman's primary grievance with his medical care appears to be that his "medications are substituted for cheap not exactly generic" and that it "took 7 months to have a medication substituted for a non narcotic non generic substitute for [his] medication." (ECF No. 7, p. 13). However, a prisoner's dissatisfaction with "the decision to prescribe generic medicines instead of the medicines that he previously was prescribed . . . does not give rise to a claim under § 1983." *Simon v. LeBlanc*, 623 F. App'x 276, 277 (5th Cir. 2015); *see also Bias v. Woods*, 288 F. App'x 158, 162 (5th Cir. 2008) ("A prisoner's disagreement with his medical treatment is not actionable under § 1983 absent exceptional circumstances."). Therefore, the Court finds that Roman has not pled facts sufficient to state a § 1983 claim for deliberate indifference to his medical needs. Accordingly, the Court recommends that Roman's claims relating to deliberate indifference to his medical needs be dismissed.

### 2. *Roman's Claims Regarding "Electromagnetic Low Frequency or Electromagnetic Pulse Device Voice to Skull" are Factually Frivolous*

Roman asserts that "an Electromagnetic Low Frequency or Electromagnetic Pulse Device Voice to Skull [is] being used in all El Paso and inside the El Paso Jail Annex and Downtown El Paso County Jail to torture[,] humiliate and deprive inmates of privacy and sleep." (ECF No. 7, p. 14). Roman further alleges that "[m]edical records and personal lives exposed as information is yelled or transmited [sic] through this device all across the jail through all inmates and Jail staff hearing and at knoledge [sic]." (*Id.*).

A claim is factually frivolous if "the facts are clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). "The Supreme Court has held that when allegations within a complaint are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no

15

longer open to discussion," a federal court lacks subject matter jurisdiction to adjudicate the claim." *Starrett v. Lockheed Martin Corporation*, 735 F. App'x 169, 169-70 (5th Cir. 2018) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Roman's claims relating to a "Voice to Skull" device are similar to previous civil actions that were dismissed as being without merit and frivolous. *See, e.g.*, *Starrett*, 735 F. App'x at 169-70 (affirming the district court's dismissal of plaintiff's "patently frivolous" claims that were "fanciful, fantasy, or delusional" where the plaintiff alleged that "defendants conspired to use him for mind experiments, targeted him with 'Remote Neural Monitoring,' harassed him *using 'Voice to Skull' technology*, and otherwise remotely monitored and controlled his thoughts, movements, sleep, and bodily functions.") (emphasis added). Therefore, the Court finds that Roman's claims regarding "an Electromagnetic Low Frequency or Electromagnetic Pulse Device Voice to Skull" device are factually frivolous. Accordingly, the Court recommends that these claims be dismissed.

## IV.   CONCLUSION

In sum, the Court finds that Roman's claims against Defendants Judge Diane Navarrete, Judge Patrick Garcia, and Judge Richard Samaniego fail to state a claim upon which relief may be granted and are barred by judicial immunity. The Court also finds that Roman's claims against Defendant D.A. Rosales fail to state a claim upon which relief may be granted and are barred by prosecutorial immunity. Further, the Court finds that Roman's claims against Defendant Daniel Avelar fail to state a claim upon which relief may be granted. Finally, the Court finds that Roman's claims relating to his confinement at the EPCJA fail to state a claim upon which relief may be granted and are factually frivolous.

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED:**

- For being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as to Roman's confinement claims;

- For failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Roman's confinement claims and claims against Defendants Judge Diane Navarrete, Judge Patrick Garcia, Judge Richard Samaniego, D.A. Rosales, and Daniel Avelar; and

- For seeking monetary relief against Defendants Judge Diane Navarrete, Judge Patrick Garcia, Judge Richard Samaniego, and D.A. Rosales, who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**SIGNED** and **ENTERED** this 20th day of May, 2021.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**