IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GUSTAVO ROMAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-21-CV-91-FM |
| | § | |
| HONORABLE JUDGE DIANE | § | |
| NAVARRETE, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Gustavo Roman, county prisoner number 9508060, seeks compensation and other relief for alleged violations of his civil rights through a pro se complaint under 42 U.S.C. § 1983.[1] Pl.'s Compl. 7, ECF No. 7. His complaint is dismissed for the following reasons.

## **BACKGROUND**

Roman claims he is a prisoner at the El Paso County Jail Annex because the State of Texas filed motions in Criminal District Court Number 1 to revoke his community supervision. Id. at 4. He explains the motions concern cause numbers 20120D01189, involving a guilty-plea and deferred adjudication for possession of marijuana, and 20170D01326, involving a guilty-plea conviction and six-year suspended sentence for an aggravated assault against a public servant. Id.; see also https://casesearch.epcounty.com/PublicAccess/CaseDetail (search for cause numbers 20120D01189 and 20170D01326) (last visited June 23, 2021). He maintains the state trial court has never adjudicated the motions and he has remained in jail since his arrest on June 17, 2020 "on [an] active bench warrant" issued after he failed to appear at a hearing. Pl.'s Compl. 4, 6, 7. He asks the Court to intervene in his behalf and dismiss the criminal cases,

---

[1] See Receipt, ECF No. 6 (showing Maria Beltran de Roman paid the $402 filing fee).

order his release, expunge his record, and compensate him for his time—and the physical and psychological damage he sustained—in jail.[2]  Id. at 4.

Roman names three judges in his complaint: (1) Criminal District Court Number 1 Judge Diane Navarrete; (2) 384th District Judge Patrick Garcia;[3] and (3) El Paso County Judge Richard Samaniego[4] (collectively "the Judicial Defendants").  Id. at 3.  Roman asserts Judge Navarrete was deliberately indifferent to his medical needs, retaliated against him, violated his right to free speech, and violated the Ex Post Facto Clause.  Id.  He claims Judge Garcia abused his authority, retaliated against him, and violated the Ex Post Facto Clause.  Id.  Finally, he maintains Judge Samaniego was deliberately indifferent to his medical needs, engaged in willful ignorance, and was negligent.  Id.

Roman names two other individuals in his complaint: Assistant District Attorney FNU

---

[2] See 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

[3] Roman's case was apparently transferred to the 384th Competency Court after a motion for a psychological evaluation was filed in cause number 20170D01326 on June 29, 2020.

[4] The Texas Constitution provides that county judges are "county officers" who preside over the county commissioners court, which is the county's governing body with general control over all the county's business.  TEX. CONST. art. 5 §§ 18, 24; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948).  The Texas Constitution and statutes give the county judge numerous executive, administrative, and legislative responsibilities, with "virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute" and accountability to "no one other than the voters for his conduct therein."  Bigford v. Taylor, 834 F.2d 1213, 1222 (5th Cir. 1988).  County judges may be policymakers in actions "taken pursuant to their nonjudicial—i.e., their administrative, legislative, and executive—duties."  Cunningham v. City of W. Point, 380 F. App'x 419, 422 (5th Cir. 2010).  In areas where he or she is the final authority or ultimate repository of county power, the county judge is a policymaker whose official conduct and decisions can be attributed to the county under § 1983.  Bigford, 834 F.2d at 1222.

Rosales and his own attorney, Daniel Avelar. Id. He contends Rosales engaged in willful ignorance and neglect. Id. He alleges Avelar retaliated against him, threatened him, denied him the right to access the courts, and told him not to appear at the hearing. Id. He explains, as a result of Avelar's advice not to appear, he was "arrested for absconding a year later." Id.

Roman also complains the medical staff at the jail is "underqualified" and it "can take up to a month to see a doctor or nurse practitioner." Id. at 13. He finally alleges it has been "acknowledged" by others that "an Electromagnetic Low Frequency or Electromagnetic Pulse Device Voice to Skull [is] being used in all El Paso and inside the El Paso Jail Annex and Downtown El Paso County Jail to torture[,] humiliate and deprive inmates of privacy and sleep." Id. at 14.

## APPLICABLE LAW

"[T]he Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1997e et seq. . . . mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." Jones v. Bock, 549 U.S. 199, 202 (2007). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Fleming v. United States, 538 F. App'x 423, 425 (5th Cir. 2013) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it does not plead "enough facts to state a claim to relief that is plausible on its

3

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). The Constitution and laws of the United States, however, do "not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. 327, 332 (1986). They do "not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). Indeed, they are not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." Paul v. Davis, 424 U.S. 693, 701 (1976).

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Magistrate Judge to whom the Court referred this matter screened Roman's complaint pursuant to 28 U.S.C. § 1915A(a). R. & R. 4–6, ECF No. 9. The Magistrate Judge recommended that the Court dismiss Roman's complaint without prejudice because it was frivolous, it failed to state a claim upon which relief may be granted, and Roman sought monetary relief against several defendants who were immune from such relief. Id. at 2 (see 28 U.S.C. § 1915A(b)).

   A. **Judicial Defendants**

Roman brought claims against three judges. Pl.'s Compl. 3. He alleged, among other

4

things, that they abused their discretion, were deliberately indifferent to his medical needs, retaliated against him, denied him his right to free speech, violated the Ex Post Facto Clause, engaged in willful ignorance, and were negligent. Id. Notably, he failed to allege specific facts to support his claims.

The Magistrate Judge observed "a pro se complaint may not merely set forth conclusory allegations but must set forth facts giving rise to a claim on which relief may be granted." R. & R. 7 (citing Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam)). The Magistrate Judge further observed a "plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." Id. (quoting Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992)).

Upon reviewing the pleadings, the Magistrate Judge found "Roman only provide[d] legal conclusions masked as factual allegations against the Judicial Defendants." Id. The Magistrate Judge also found "Roman fail[ed] to plead how any of the Judicial Defendants were personally involved in his factual allegations." Id. (citing Murphy, 950 F.2d at 292). The Magistrate Judge concluded "Romain fail[ed to] plead adequate factual allegations to support his claims." Id. (citing Iqbal, 556 U.S. at 678). The Magistrate Judge also mentioned Judges Navarrete and Garcia were likely entitled to absolute judicial immunity for their actions taken in connection with Roman's criminal proceedings. Id. at 7–8.

### B. Assistant District Attorney Rosales

Roman alleged prosecuting attorney, Rosales, engaged in willful ignorance and neglect. Pl.'s Compl. 3. Again, he provided no specifics.

5

The Magistrate Judge explained "[a] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" R. & R. 8 (quoting <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007) (citations and quotation marks omitted)). The Magistrate Judge noted "Roman never identifie[d] Defendant Rosales in the factual allegations of his claim." <u>Id</u>. "Further, Roman fail[ed] to plead how Defendant D.A. Rosales was personally involved in his factual allegations." <u>Id</u>. at 9 (citing <u>Murphy</u>, 950 F.2d at 292). Finally, the Magistrate Judge made it clear "[p]rosecutors [were generally] immune from Section 1983 suits for acts that [were] within the scope of their prosecutorial duties." <u>Id</u>. (citing <u>Imbler v. Pachtam</u>, 424 U.S. 409 (1976)).

### C. Attorney Avelar

Roman claimed his own attorney, Avelar, retaliated against him, threatened him, denied him the right to access the courts, and told him not to appear at his hearing. Pl.'s Compl. 3. He complained he was "arrested for absconding a year later" as a result of Avelar's advice. <u>Id</u>.

The Magistrate Judge correctly stated "'[a] claim may be brought under § 1983 only if the defendant acted 'under color' of state law.'" R. & R. 10 (quoting <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 835 (1982) (quoting 42 U.S.C. § 1983)). The Magistrate Judge found "Roman ha[d] not claimed that Avelar was anything other than a private actor." <u>Id</u>. at 10–11 (citing <u>Polk County v. Dodson</u>, 454 U.S. 312, 318–19 (1981) ("[A] defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the undivided interests of his client. This is essentially a private function[.]") (internal quotes

omitted)). Hence, the Magistrate Judge concluded Roman could not pursue a § 1983 claim against his own counsel.

### D. Conditions of Confinement

Roman alleged the medical staff at the jail was "underqualified" and it could "take up to a month to see a doctor or nurse practitioner. Pl.'s Compl. 13. He also alleged "an Electromagnetic Low Frequency or Electromagnetic Pulse Device Voice to Skull [was] being used in all El Paso and inside the El Paso Jail Annex and Downtown El Paso County Jail to torture[,] humiliate and deprive inmates of privacy and sleep." Id. at 14.

The Magistrate Judge clarified "'[m]ere negligence, neglect or medical malpractice [did] not give rise to a § 1983 cause of action.'" R. & R. 14 (quoting Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)). The Magistrate Judge therefore found "Roman ha[d] not pled facts sufficient to state a § 1983 claim for deliberate indifference to his medical needs." Id. at 15. The Magistrate Judge then described Roman's "Voice to Skull" claims as "patently frivolous" because they were "fanciful, fantasy, or delusional." Id. at 16; see Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); United

States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Roman objected to "the outcome of the suit." Pl.'s Obj. 1, ECF No. 12. But he did not make specific objections to any of the Magistrate Judge's findings of fact or conclusions of law. He merely made generalized complaints about his treatment and added additional claims concerning his conditions of confinement.

The Court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). The Court will consequently overrule Roman's objections.

## CONCLUSIONS AND ORDERS

The Court concludes, after completing a de novo review of Roman's objections, that it should deny them. As to other portions of the report and recommendation, it concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law.

Therefore, **IT IS ORDERED** that Roman's objections to the report and recommendation of the Magistrate Judge (ECF No. 12) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation of the Magistrate Judge (ECF No. 9) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Roman's civil rights complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b), because it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 14th day of July 2021.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**